# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

MARK NIESMAN, )
)
    Plaintiff, )
)
v. ) No. 4:05-CV-1794 CAS
)
CINCINNATI INSURANCE COMPANY, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to remand.[1] Defendant filed a memorandum in opposition. For the following reasons, the Court will deny plaintiff's motion to remand.

**Standard**

A defendant may remove a state court action to federal court based on diversity of citizenship when the matter in controversy exceeds $75,000 exclusive of interests and costs and is between citizens of different states. See 28 U.S.C. § 1332(a)(1). The diversity jurisdiction created by 28 U.S.C. § 1332 is to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Transit

---

[1] The Court notes that plaintiff did not file a memorandum of law in support of his motion to remand. "Unless otherwise directed by the court, the moving party shall file with each motion a memorandum in support of the motion, including citations of any authorities on which the party relies." E.D.Mo. L.R. 4.01(A).

Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998).

A corporation is a citizen of its state of incorporation and also of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). This section provides in pertinent part:

> [I]n any direct action, against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. §1332(c)(1).

**Discussion**

Plaintiff filed this action against defendant, his insurance company, regarding an uninsured motorist claim. Plaintiff asserts that he is a citizen of Missouri. (Pet. ¶ 1). In its notice of removal, defendant asserts that it is a citizen of Ohio. (Notice of Removal ¶ 2). Plaintiff filed a motion to remand asserting that removal was improper because pursuant to § 1332(c)(1), defendant should be deemed to be a citizen of the State of Missouri, where the insured plaintiff is a citizen. Defendant asserts that plaintiff has misinterpreted the statute and the Court has diversity jurisdiction over this case.

The Eighth Circuit has recognized that § 1332(c)'s primary purpose was "to eliminate the use of diversity jurisdiction to gain entry into the federal district court of Louisiana to sue in tort under that state's direct action statute, which allows an injured party to sue directly the insurer of a tortfeasor without joining the tortfeasor himself as a defendant." Home Indem. Co. v. Moore, 499 F.2d 1202, 1205 (8th Cir. 1974) (citing S. R. No. 1308, as *reprinted* in 1964 U.S.C.C.A.N. 2778, et seq.). "Courts have uniformly defined the term 'direct action' as used in [§ 1332(c)] as those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to

bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." Beckham v. Safeco Ins. Co. of America, 691 F.2d 898, 901-02 (9th Cir. 1982).  When an insured brings a claim against his own insurer, "no direct action [exists] because the insurer's status is not that of a payor of a judgment based on the negligence of one of its insureds." McGlinchey v. Hartford Acc. & Indem. Co., 866 F.2d 651 (3d Cir. 1989).  "[U]nless the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured, the action is not a direct action." Fortson v. St. Paul Fire and Marine Ins. Co., 751 F.3d 1157, 1159 (11th Cir. 1985).

The Court finds that the reference to a "direct action" in § 1332(c) is inapplicable to this case. Plaintiff is suing his own insurance company, not the insurance company of a third party. Therefore, plaintiff's motion to remand should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **DENIED**.  [Doc. 6]

                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 5th day of January, 2006.